**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

Peter K. Strojnik, Esq.
AzBar 026082, CalBar 242728
strojnik@skplaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Kristofer Strojnik, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Client Services, Inc., a Missouri corporation,<br><br>Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges, on Plaintiff's behalf and behalf of a class of persons defined below, as follows:

**INTRODUCTION**

1. This is a case under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

-1-

promote consistent State action to protect consumers against debt collection abuses." *Gonzales v. Arrow Fin. Servcs., LLC*, No. 10-55379 (9th Cir. 2011). The FDCPA comprehensively regulates the conduct of debt collectors by imposing affirmative obligations and broadly prohibiting abusive practices. *See* 15 U.S.C. ¶1692c (prohibiting certain communications); Id. at §1692g (requirement to validate debts); Id. at §1692e (broad prohibition on false or misleading advertisements). The FDCPA is a strict liability statute, and Congress permits the private enforcement of debt collectors' violations of the FDCPA. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

2.  The FDCPA provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA further requires that within five days of the debt collector's initial communication with the alleged debtor, the debt collector must advise the alleged debtor of his/her right to dispute the validity of the alleged debt and to request validation thereof. 15 U.S.C. §1692g.

3.  The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that otherwise violate the FDCPA. Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Swanson v. South Oregon Credit Services, Inc.*, 869 f.2d 1222, 1225 (9th Cir. 1988). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clemon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

4. The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under sub-paragraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B). In a class action, therefore, the statutory damages provided by the FDCPA are up to $1,000 for each named plaintiff plus a further amount up to the lesser of $500,000 or 1% of the defendant debt collector's net worth for the class members other than the named plaintiff.

5. The FDCPA also permits recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

**PARTIES**

6. Plaintiff Peter Kristofer Strojnik resides and is domiciled in Maricopa County, Arizona.

7. Plaintiff is a consumer as *consumer* is defined in the FDCPA because he is a natural person who is alleged by Defendant to be obligated to pay a debt. See 15 U.S.C. §1692a(3).

8. Defendant Client Services, Inc. is a company engaged in the business of attempting to collect debts by mail and telephone. Defendant is a Missouri corporation and its principal place of business is situated at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301.

9. Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in a business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692(a)(6). In this case, Defendant alleged that the debt Defendant sought to collect was owed to either Macy's or Department Stores National Bank, it is unclear which. The debt that Defendant sought to collect is an alleged debt as *debt* is defined by the FDCPA because it is alleged credit card debt incurred for the personal use of the plaintiff. *See* 15 U.S.C. §1692a(5).

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy").

11. This Court has personal jurisdiction over Defendant because Defendant undertakes continuous and systematic activities in the form of its debt-collection business within this State; and the specific acts that give rise to this Complaint, namely, the correspondence attached to this Complaint as Exhibit 1 was directed at this State and was received in this State.

12. Venue is appropriate in this district under 28 U.S.C. §1391(b) because this is the judicial district in which the Plaintiff resides and received the objectionable correspondence, and hence is a judicial district in which a substantial part of the events giving rise to this action took place.

## VIOLATION OF THE FDCPA

13. Exhibit 1 is a true and correct copy of the correspondence and envelope which encased it, which Defendant mailed to Plaintiff on September 30, 2011. The envelope encasing the Exhibit 1 correspondence was colored teal/tropical and stated in unprofessional, "playful" font: "Special Offer Enclosed".

14. Exhibit 1 was the sole communication Defendant made with the named Plaintiff, and it is the initial communication as initial *communication* is defined by the FDCPA because Defendant conveyed information about the alleged debt directly to named Plaintiff. *See* 15 U.S.C. §1692a(2).

15. Defendant violated the FDCPA because it did not advise the named Plaintiff of his right to dispute the alleged debt, to request validation thereof within five days of the Exhibit 1 initial communication, or to request the name and address of the original creditor. *See* 15 U.S.C. §1692g(a)(3)-(5).

16. Defendant further violated 15 U.S.C. §1692e (false or misleading representations) because the color of the envelope encasing the correspondence was teal/tropical, which is a color that misleads the reader into believing something other than professional, business-related correspondence is enclosed. Coupled with the friendly, non-professional color of the envelope was a statement stating: "Special Offer Enclosed". This statement, or representation, was made in a type of font that was consistent with the tropical color of the envelope to create a theme of vacation or type of sales offer that a company was trying to sell to Plaintiff. The named Plaintiff was misled by the coloring of the envelope and the font used to believe he was opening an offer of a vacation.

17.    On information and belief, Defendant's intent on using a tropical color for the envelope and non-professional font was to induce the recipient to open the correspondence in the hope for something other than a collection letter from a debt collection agency.

18.    The statement on the envelope was also false and violated 15 U.S.C. §1692e because the "Special Offer Enclosed" was not in fact an "Offer", but a willingness to accept an offer from the named Plaintiff:  "Macy's has agreed to accept $338.57 as settlement in full of the above identified account."

## CAUSE OF ACTION

19.    Plaintiff's sole cause of action is for violation of the above-cited provisions of the FDCPA.  *See* 15 U.S.C. §1692k (civil liability).  The facts alleged in this Complaint satisfy the elements of a cause of action under those sections.

## CLASS ACTION ALLEGATIONS

**CLASS DEFINITION**

20.    Plaintiff seeks to prosecute this case as a class action on behalf of a class defined as follows:

> All natural persons located in the Ninth Circuit who, within one year before the date of this Complaint, received correspondence from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party, and where the envelope was in a tropical/teal color with the statement "Special Offer Enclosed, and the correspondence states that Defendant will accept a particular amount of money.

**RULE 23(A) PREREQUISITES**

21.     **Numerosity**. This is a case involving the receipt of written correspondence from Defendant.  All debtors or alleged debtors who received correspondence and envelope like that contained in Exhibit 1 have exactly the same claim as the named plaintiff.  Because Defendant is in the business of collecting debt and frequently uses the mails and correspondence like the one contained in Exhibit 1 is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

22.     **Common questions of law and fact**. The questions of fact and law are entirely common.  The only question of fact is whether the debtors or alleged debtors received correspondence and envelopes like Exhibit 1 and whether the Defendant sent those correspondences.  This question of fact can be proved up by class members submitting the correspondences and envelopes they received when they file their claims.  The questions of law are whether correspondences and envelopes like those contained in Exhibit 1 violate the FDCPA as alleged in this Complaint.  That, the only questions of law are exactly the same for others who received correspondences like that contained in Exhibit 1, as they are for the named Plaintiff.

Whether a debt collector's communication violates the FDCPA is a legal question to be resolved by the Court. *See e.g. Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp. 2d 1104, 1116 (C.D. Cal. 2005) ("The Court concludes that defendant violated §1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine. Accordingly, the Court, sua sponte, finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant

plaintiff's motion to the extent that there is no disclosure of defendant's identity or the nature of defendant's business").

23. **Typicality**. The named plaintiff is entirely typical of the class. He received the correspondence and envelope attached as Exhibit 1. Because the only issue is whether that message violates the FDCPA, the plaintiff is typical of the class in the only relevant respect: he received the allegedly unlawful correspondence.

24. **Adequacy of Representation**. The named Plaintiff is an adequate representative. He has chosen to vigorously pursue his claims. And he has engaged, but not yet part of this litigation, qualified class counsel who has over 30 years of practice experience and specializes in complex commercial litigation. Counsel has experience in prosecuting federal class actions in the District of Arizona.

**RULE 23(B)(3) CERTIFICATION**

25. This class should be certified under Rule 23(b)(3).

26. The common questions of law and fact predominate in this case because the only questions are common: whether correspondences like that contained in Exhibit 1 were sent and received and whether those correspondences identified in this Complaint violate the provisions of the FDCPA identified in this Complaint. There are no other questions of law or fact. Thus, the common questions predominate.

27. The class members have no substantial interest in controlling the prosecution of this case individually. The questions are entirely common and the legal strategy with respect to those questions is clear. The principal arguments have already been spelled out in this Complaint. They are straightforward. And, in a class action, the plaintiffs will have the

services of counsel familiar with complex litigation who would not have adequate incentive to handle these cases on an individual basis.

28. There does not appear to be substantial preexisting litigation about these issues.

29. There is no reason why concentrating litigation in this forum would be undesirable. This forum is convenient for Defendant, which does substantial business in this district, including attempting to collect the debt that is the subject of the named Plaintiff's claim.

30. No special difficulties are posed in managing this class action. The law involved is entirely federal, so there are no choice-of-law issues to concern the court. And, because the claims are based entirely on written correspondence – like that contained in Exhibit 1 – the evidence in the class action will be no more difficult to handle than it would be in individual cases.

## PRAYER FOR RELIEF

31. Plaintiff prays for relief as follows:

    a. Class certification as described above;

    b. Appointment of counsel for named Plaintiff as lead class counsel;

    c. Statutory damages, costs, and attorneys' fees as provided for in 15 U.S.C. § 1692k;

    d. Pre- and post-judgment interest; and

    e. All other relief to which Plaintiff is entitled in equity or at law.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 16th day of November, 2011.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
602 510 9409
602 296 0135 (fax)

***Attorney for Plaintiff***